### ORRIN P. BISSELL

#### v.

### THOMAS LLOYD ET AL.

APPEALS—WHEN TAKEN AND PERFECTED.—An appeal may be taken and perfected from the final judgment of the circuit court to the present term of this court, although the circuit court for the term at which such judgment was entered is still in session. The motion for continuance in this court is, therefore, overruled.

APPEAL from the Circuit Court of Peoria county; the Hon. N. M. LANDS, Judge, presiding. Opinion filed June 18, 1880.

Messrs. PUTERBAUGH & PUTERBAUGH, for appellant.

Messrs. JOHNSON & FOSTER, for appellee.

PER CURIAM. A motion is made herein by the appellees to continue this cause to the next term of this court, and in support of said motion shows to the court that the decree from which this appeal is prosecuted, was rendered at the May term of the Peoria Circuit Court, and that said court has not yet adjourned for said May term.

An appeal from the final decree of the circuit court is taken generally to this court, and not to any particular term thereof, and we know of no rule of law or practice that prevents a party from perfecting his appeal from an adverse decree immediately upon its rendition. The statute provides (Session Laws, 1879, page 221) " that authenticated copies of records of judgments, orders and decrees appealed from, shall be filed in the office of the clerk of the Supreme Court or of the Appellate Court, as he case may be, on or before the second day of the succeeding

Bissell v. Lloyd.

term of said courts: Provided twenty (20) days shall have in
tervened between the last day of the term at which the judg-
ment, order or decree appealed from shall have been entered,
and the sitting of the court to which the appeal shall be taken;
but if ten (10) days and not twenty (20) days shall have inter-
vened as aforesaid, then the record shall be filed as aforesaid on
or before the tenth (10th) day of said succeeding term; other-
wise the said appeal shall be dismissed, etc."

This statute is in the nature of a statute of limitations, fixing
a time beyond which the record cannot be filed upon appeal
with effect, but the appeal must be dismissed.   Were it not
for this statute, it would seem that there would be no limit of
time in filing such record and in prosecuting such appeal.

We fail to find in the statute any provision that prohibits
a party from at once perfecting and prosecuting his appeal
from a judgment or decree of the court below.

If less than the ten days intervene between the last day of
the term at which the judgment or decree was rendered, and
the first day of the succeeding term of this court, the appel-
lant has the privilege under the statute, of filing his record on
or before the second day of the second term after the rendition
of the judgment or decree, but we fail to see what prevents him
from sooner filing the record, if he shall so desire.

The motion to continue will be overruled.